(C. D. 1843)

MARCEL SCHURMAN *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 5, 1957)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Joseph E. Weil* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges; LAWRENCE, J., not participating

RAO, Judge: There is presented for our determination in this action the question of the proper dutiable status of two importations of greeting cards. It is not disputed that this merchandise is covered by the provision for greeting cards in paragraph 1410 of the Tariff Act of 1930, and as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. The controversy arises over the issue of whether said cards are "with greeting, title or other wording," as classified by the collector, with the consequent assessment of duty at the rate of 22½ per centum ad valorem, or are "without greeting, title or other wording" and, hence, dutiable at the rate of 15 per centum ad valorem, as claimed by the plaintiff.

Two sample cards stated to be representative of the importations are in evidence as plaintiff's exhibits 1 and 2. Each is in folder form. On the outside of plaintiff's exhibit 1, there is a reproduction of an illustration of the birth of Christ, taken from a 14th century manuscript. On the lower portion of the second page, the following is printed in small lettering:

Manuscrit de la fin du XIV° siècle
La Nativité—The birth of Jesus.
Die geburt Christi.
Musée Condè—Chantilly

The third page is entirely blank. At the bottom of the last page, likewise in small lettering, there is printed "44. Les Editions NOMIS, Paris, Printed in France."

In all essential respects, exhibit 2 is similar to exhibit 1, and no useful purpose would be served in further describing it.

It is the contention of the plaintiff that no portion of the printing appearing on the subject cards is a "greeting, title or other wording"

within the contemplation of said paragraph 1410. Assigning the absence of judicial interpretation as a reason therefor, plaintiff asserts that "resort must be had to legislative history" to ascertain the intent of Congress in employing the phrase in question.

This is a novel approach to statutory construction, unwarranted by any principles of law heretofore expressed, and it is significant that plaintiff has cited no authority to support it.

Notwithstanding the basic precept that the determination of the intent of the legislature is the ultimate object to be sought in construing any enactment, it is, nevertheless, well-settled law that resort may not be had to legislative history, if the language employed by the legislature is without ambiguity. *United States* v. *United Geophysical Company*, 38 C. C. P. A. (Customs) 137, C. A. D. 451; *Thorens, Inc.* v. *United States*, 31 C. C. P. A. (Customs) 125, C. A. D. 261.

Where, as here, the question of commercial designation is not an issue, words contained in a tariff statute are to be assigned their common meanings, which meanings are matter of law to be found by the court. *United States* v. *Florea & Co., Inc.*, 25 C. C. P. A. (Customs) 292, T. D. 49396; *United States* v. *O. Brager-Larsen*, 36 C. C. P. A. (Customs) 1, C. A. D. 388. To supplement the court's understanding, and refresh its recollection, dictionaries and other lexicographical authorities may be consulted. *United States* v. *John B. Stetson Co.*, 21 C. C. P. A. (Customs) 3, T. D. 46319. If, however, there is ambiguity in the definitions of the words or in the context in which they are used, extrinsic aids, such as the history of the legislation, may be employed to explain away the ambiguity and to arrive at the intendment of the lawmakers. *United States* v. *Kung Chen Fur Corporation*, 38 C. C. P. A. (Customs) 107, C. A. D. 447. But such assistance may not be invoked where the statutory language is clear and its meaning readily comprehended.

In the particular phrases which control the classification of the merchandise at bar, we find no ambiguity and, therefore, no occasion to seek evidence *dehors* the statute to read its meaning. The words "greeting, title or other wording" seem beyond peradventure of doubt to refer to any printed expression, of any nature whatsoever, appearing anywhere upon the card, in its condition as imported. We fail to see how Congress could have intended otherwise and yet have employed language so comprehensive and all inclusive in scope.

That congressional emphasis was not placed upon the greeting portion *per se* of the cards covered by the provision in question is patently manifest by the use of the additional language, of equal force, "title or other wording." To what does this additional language refer?

The word "title" is defined in part in Webster's New International Dictionary, second edition, as "A descriptive name; an appellation or designation." When used, without words of modification, the term "title" has as sensible a meaning as a "name; an appellation or designation" when applied to a picture reproduced upon a greeting card, as when applied to indicate the occasion to which the card relates, or the category into which it falls. Perhaps even more so, for it may be observed that so-called social cards do not ordinarily carry titles to signify their purposes or intended uses.

In any event, the language "other wording" seems clearly to be a phrase of extension added to cover any other printed matter such a card happens to contain, and we so construe it.

It is significant that, whereas in paragraph 1310 of the Tariff Act of 1922, Congress provided for "greeting cards, and all other social and gift cards * * * with [without] text or greeting," the present law contains the phrase "with [without] greeting, title or other wording." Had the interpretation for which plaintiff contends coincided with congressional intent, the change in language would have been purposeless.

We have examined the references to the hearings before the House Committee on Ways and Means, and the Senate Finance Committee, in connection with the preparation of the Tariff Acts of 1922 and 1930, cited to us by counsel for plaintiff, and find nothing therein in conflict with the conclusion here reached. Concerning the suggestion that the testimony of the representative of the Greeting Card Association before said committees bears upon the intent of Congress, it has been said "that Congress has never delegated to unofficial persons appearing before its committees advocating legislation, the authority to determine its intention." *United States* v. *Perry Ryer & Co.*, 41 C. C. P. A. (Customs) 18, C. A. D. 524.

It appears that the present provision for greeting cards became a part of the law by way of an amendment offered by Senator Walsh of Massachusetts, but his explanation for suggesting the amendment fails to throw any light upon the question before us.

We are of opinion that the cards in issue are covered by that portion of paragraph 1410, as modified, *supra*, which provides for greeting cards with greeting, title, or other wording at the rate of 22½ per centum ad valorem. The claims of the protest are, therefore, overruled.

Judgment will be entered accordingly.