H. George Caspari, Inc. v. United States (No. 5023) [1]

[1] C.A.D. 743.

United States Court of Customs and Patent Appeals, July 6, 1960

*John D. Rode* for appellant.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel) for the United States.

[Oral argument April 7, 1960, by Mr. Rode and Mr. Welsh]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[2]

RICH, Judge, delivered the opinion of the court:

This appeal is from the decision of the Customs Court, Second Division (C.D. 2122), which modified the collector's classification of the imported merchandise as "Greeting cards * * * social or gift cards * * * *with* greeting, *title or other wording*," (our emphasis) overruling in part the protest claiming classification as cards "without greeting, title or other wording." Paragraph 1410 of the Tariff Act of 1930, as modified by GATT, 82 Treas. Dec. 305, T.D. 51802 or as modified by the Sixth Protocol of Supplementary Concessions to GATT, 91 Treas. Dec. 150, T.D. 54108, is the sole statutory provision in controversy and, insofar as pertinent, reads, as modified by T.D. 51802, supra:

Greeting cards, valentines, tally cards, place cards, and all other social and gift cards, including folders, booklets and cutouts, or in any other form, wholly or partly manufactured:

| | |
|---|---|
| With greeting, title or other wording_____ | 22½% ad val. |
| Without greeting, title or other wording_____ | 15% ad val. |

T.D. 54108, supra, reduces the rates for merchandise entered on or after June 30, 1956, to 21 and 14 per centum ad valorem, respectively.

The imported merchandise, according to exhibits which are said to be typical, is greeting or social cards of the usual type, made from a single sheet of paper which has been folded once to form a booklet of four pages. The front pages of the cards are imprinted with colored illustrations which, on the five cards of Exhibits 1–5, depict a wide variety of subject matter. The fourth or back page of each card contains certain printed matter, and the two inside pages are

---

[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

completely blank. The printed matter on the respective back pages is as follows:

Exhibit 1.
 Arthur F. Kruger—printed in West Germany
 Exclusively For H. George Caspari, Inc.
 Sole Distributor
 No. K5-52
Exhibit 2.
 Made in Denmark
 Exclusive Representative:
 H. George Caspari, Inc.
 Copyright
 L. Levinson, Jr. Ltd.
 5318 C
Exhibit 3.
 From an Original by Mr. Johannes Larsen, famous Danish Artist
 Copyright
 L. Levinson Jr. Ltd.
 SC 5179 C
 Exclusive Representative:
 H. George Caspari, Inc.
 Made in Denmark
Exhibit 4.
 From an illustration by Mr. Sikker Hansen in the book "Dyrene derude"
 Copyright
 L. Levinson Jr., Ltd.
 SC 5198 B
 Exclusive Representative
 H. George Caspari, Inc.
 Made in Denmark
Exhibit 5.
 Greenland Mallard
 Reproduced from originals by Gitz-Johansen, from the book: *The birds of Greenland*" by Finn Salomonsen and Gitz-Johansen
 Made in Denmark
 Exclusive Representative:
 H. George Caspari, Inc.
 Copyright
 L. Levinson Jr. Ltd.
 S. 5254 E

The illustration of Exhibit 2 is a Japanese characterization and includes within the illustration itself, in Japanese lettering, the title of the picture and the artist's name.

The Customs Court held that the printed matter of Exhibit 1 was not within the "With greeting, title or other wording" provision and with respect to this exhibit sustained the protest. The other exhibits, however, were held to have "title or other wording" and as to these the protests were accordingly overruled.

At the trial the Government conceded that the merchandise did not bear any greeting and it is not disputed that the merchandise is

classifiable under the relevant portion of paragraph 1410. There are no disputed facts. The sole issue is, therefore, whether the merchandise of Exhibits 2–5 contains any "title or other wording."

This appears to be the first occasion on which the greeting card provision of paragraph 1410 has been before this court. The issue was characterized by the Customs Court as a reexamination of its decision in *Marcel Schurman* v. *United States*, 38 Cust. Ct. 56, C.D. 1843. In that case the Customs Court had before it similar merchandise and the issue there, as here, involved the construction of "with [or without] greeting, title or other wording." The protest was overruled, the merchandise being held to have greeting, title or other wording, as classified by the collector. In reaching its conclusion in the *Schurman* case the lower court used broad language saying:

The words "greeting, title or other wording" seem beyond peradventure of doubt to refer to any printed expression, of any nature whatsoever, appearing anywhere upon the card, in its condition as imported. We fail to see how Congress could have intended otherwise and yet have employed language so comprehensive and all inclusive in scope.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The word "title" is defined in part in Webster's New International Dictionary second edition, as "A descriptive name; an appellation or designation." When used, without words of modification, the term "title" has as sensible a meaning as a "name; an appellation or designation" when applied to a picture reproduced upon a greeting card, as when applied to indicate the occasion to which the card relates, or the category into which it falls. Perhaps even more so, for it may be observed that so-called social cards do not ordinarily carry titles to signify their purposes or intended uses.

In any event, the language "other wording" seems clearly to be a phrase of extension added to cover any other printed matter such a card happens to contain, and we so construe it.

Finding no ambiguity in paragraph 1410, the Customs Court was of the opinion that resort to legislative history would be improper.

In the instant case, the Customs Court adhered to its position in the *Schurman* case to the extent that it did not consider the provision "With [or without] greeting, title or other wording" to be ambiguous. The opinion therein does, however, set forth in detail the relevant legislative history relied on by the importer and it would serve no useful purpose to repeat it here. In concluding their review of the legislative history, the court stated that it tells how the new language happened to be adopted but very little about what it was intended to mean. Paragraph 1310 of the Tariff Act of 1922 had provided for alternative classifications of greeting cards as "with [or without] text or greeting" and with respect to the changes made in 1930 the court said:

Of necessity, therefore, the words "title or other wording," which are not the same as the word "text," clearly must be given a meaning which is not the

same as the meaning of the word "text." We are not persuaded by anything which has been presented to us in this case, that "title" must be restricted to the designation of the card, or that "other wording" is limited to the message conveyed from the sender to the receiver. In this respect, the conclusions reached in the case of *Marcel Schurman* v. *United States, supra,* are adhered to.

However, as to Exhibit 1, the court noted that the country of origin is required by the marking provision, Section 304 of the Tariff Act of 1930, and hence would not constitute other wording. The other printed matter on Exhibit 1 was also held not to be other wording, the court saying:

And, upon further reflection, we are now inclined to the view that neither would such incidental data as the name of the publisher or printer, or the name of the importer, or of the American distributor, or the fact of an exclusive agency, be embraced by that phrase. Since expressions of that kind have no direct relationship to the character of the card, or of any illustrations, drawings, or prints on the card, it would seem that they ought not to be permitted to dictate its classification or be construed as "other wording," within the purview of this portion of paragraph 1410.

Appellant contends that by the Customs Court's own ratio decidendi, the merchandise contains no greeting, title or other wording since the words bear no direct relationship to the character of the cards. This is a part of its basic contention that Congress in changing the language as to greeting cards in paragraph 1410, "merely intended to provide for a higher rate of duty on greeting cards where there is a printed text or message or title indicating the type of card." As to the merchandise at bar, the appellant summarizes its contentions by saying:

The "words" which do appear on the exhibits in question are words of identification and relate to the country of origin of the card, the copyright owner, the importer or manufacturer, or the source of the illustration. These same "words" could be on a Christmas card or Easter card, or any other greeting card and in no way are related to any "text" or "sentiment". They do not constitute "wording" as that term was used by Congress.

We have reviewed the legislative history set forth and referred to at length in the briefs for both parties as well as in the opinion below. Any inference therefrom about congressional intent as to what type of card falls within paragraph 1410 must be distinguished from intent as to whether a given card, within paragraph 1410, does or does not contain "greeting, title or other wording." Prior to the 1930 enactment of paragraph 1410, the Customs Court classified valentines as printed matter under paragraph 1306 of the Tariff Act of 1922, subject to a lower rate than greeting cards as provided for in paragraph 1310 of that act. See *Wilmsen* v. *United States,* 48 Treas. Dec. 786, Abstract 50628. Valentines are now specifically provided for in paragraph 1410. So far as we are able to ascertain from the legislative history relied on, Congress in enacting paragraph 1410 was con-

cerned with what type of cards should be classified therein and while the type of card is relevant to determining whether it is within paragraph 1410, once that has been resolved one must still decide whether the card has "greeting, title or other wording." As to this latter question, we agree with the Customs Court that the legislative history is silent and no intent that "title or other wording" has the same meaning as "text," found in the predecessor act, should be inferred.

Appellant took the testimony of one witness, Mr. H. George Caspari, president of appellant H. George Caspari, Inc. He stated that in his opinion "greeting" means any type of sentiment such as Merry Christmas, Happy New Year, birthday greeting, birthday wishes and things of that kind. He also testified that cards with "titles" would be cards such as "anniversary cards" or "death announcements" or in other words cards having a descriptive name or designation for the card. Later, Mr. Caspari, when shown a card having the words "You are invited to play" and the word "Canasta," and asked "Is that a wording?", answered "That's right." He also said "There are similar cards on the market such as bridge, tallies and things of that general nature which I would consider [to have] other wording."

Webster's New International Dictionary (2d Ed. 1954) defines the verb "greet" as "1. To address with salutations or expressions of kind wishes; * * *; to pay respects or compliments to, either personally or through another or by writing or token." Greeting means "Expression of kindness or joy; * * *; compliment from one absent" and "title," insofar as pertinent, means "8. The distinctive designation of a written or printed publication * * *." "9. A descriptive name; an appellation or designation." The statute also refers to *other* wording meaning wording distinct, different or in addition to the previously mentioned wording, i.e., greeting and title. Webster's, supra, defines "wording" as "expression or act or manner of expressing in words, phrasing; * * *."

We cannot agree with appellant's alleged special meaning of the words used by Congress. Broad language was used and what the statute says is, of course, to be taken as the primary indication of what Congress meant. Congress did not restrict the applicability of the terms greeting, title or other wording, respectively, to only certain types of cards. Once a card is within paragraph 1410, it is apparent that whether it is dutiable as with or without greeting, title or other wording does not depend on the type of card. A card may be a greeting card and, as provided, it may or may not contain a greeting but it is still a greeting card for tariff purposes. Manifestly, the purpose of the different rates for greeting and other specified types of cards is to protect the domestic manufacturer from

the lower, foreign, printing or lithographing costs for greetings, titles and other wording. Keeping in mind this obvious purpose in providing different rates, we cannot agree with appellant that a title or wording must indicate the "type" of card or be related to some "text," "sentiment" or "message" before the higher rate is applicable. Appellant's arguments do not persuade us that Congress, in using the language "title or other wording," intended a higher rate for a card of the types enumerated in paragraph 1410, bearing the words "Christmas Card" or "Death Announcement" while intending the lower rate for a card bearing the words "Greenland Mallard," "Reproduced from originals by Gitz-Johansen, from the book: 'The birds of Greenland' by Finn Salomonsen and Gitz-Johansen" and "Exclusive Representative H. George Caspari, Inc." Greeting, social and gift cards in the statute certainly are not limited to special occasions such as birthdays or Christmas and neither are the greetings, titles or other wording contained thereon.

Exhibits 2–5 each include the wording "Exclusive Representative: H. George Caspari, Inc.," which wording we believe subjects the greeting cards to the higher rate for cards "With greeting, title or other wording." This would lead to the conclusion that Exhibit 1 contains "other wording" but no appeal from the decision sustaining the protest as to that card was filed.

Statutes should not be construed so as to render them meaningless, and we agree with the Customs Court that the country of origin, since required by the marking provision, should not be considered "other wording." We are also inclined to think this same reasoning is applicable to the copyright notice which, if not included by the proprietor, could result in forfeiture of copyright protection. However, since Exhibits 2–5 each include additional wording which we consider to be "other wording" within the statute, the judgment of the Customs Court is correct and is, therefore, *affirmed*.